EX PARTE ROY C. BECKWITH.

No. 21598. Delivered June 26, 1942.

The opinion states the case.

*George S. McCarthy,* of Amarillo, for appellant.

*Tom Seay,* County Attorney, *Eugene Jordan,* Assistant County Attorney, *Joe Harlan,* City Attorney, *Underwood, Johnson, Dooley & Wilson,* and *Monning & Singleton,*

Corp. Counsel, all of Amarillo, and *Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the Corporation Court of the City of Amarillo and assessed a fine of $50.00 on a charge of violating a plumbing ordinance of the city, known as Ordinance No. 990, which required, among other things, that all plumbers before making an installation should secure from the city a permit to make the particular installation. It is not necessary to set out further the terms and conditions of this ordinance nor of the other ordinances of the city relating to the subject.

Instead of appealing his case to the County Court, appellant applied to the County Court of Potter County for a writ of habeas corpus in order to secure his release from the Chief of Police of Amarillo and, as we understand it, his sole contention is that the ordinance involved is in conflict with the State statute on the subject and, therefore, void.

On the original submission of the case an extensive opinion was written sustaining the appellant in his contention and directing that he be discharged. The State filed a motion for rehearing in which it admits that the City of Amarillo has no authority to provide a penalty different from that provided by the State law for the same offense, but calls our attention to the fact that the articles of the statute referred to in our opinion, being Art. 122 of the Penal Code, makes it an offense for any person whether "master plumber, employing, or journeyman plumber, engaged in, working at, or conducting the business of plumbing without license as provided by law, * * *" to engage in the business, but it is left to the city to establish its own procedure for the enforcement of this law. The City of Amarillo has passed the ordinance in question requiring that all plumbers alike secure from the city a permit for each and every particular installation before making the same. This would be a reasonable regulation and it appears to us a necessary one in order to enable the city to perform the service which is contemplated by the Legislature and to secure a water system, sewer system, as well as gas distribution, in keeping with sane and safe rules and regulations for the health, comfort, and general safety of the inhabitants of the city.

Appellant was not prosecuted for violating the State law, but of the city ordinance. This ordinance does not cover the same subject as the State law, but only a related subject.

It is true that the contention was made that he had on this, or on former occasions, it matters not, applied to the city for specific permits and that the same had been refused to him because he had declined to pay the fee which the city required of him in order that he be licensed to engage in the business of a plumber. As we view it, he would be in no position in this action to complain of any short-coming of the city and this court would have no jurisdiction to grant a mandamus compelling the city to grant him a permit or to take any account of his rights in that matter. We are restricted to the sole question of whether or not the ordinance passed was a valid one. As above indicated, it is our view that the ordinance is valid and bears an independent relationship to the State law prescribing regulations which a city may make for individuals to engage in the business of plumbing.

As stated, he did not appeal to the County Court from the conviction in the Corporation Court. Had he done so and the county court had assessed a $50.00 fine, this court would not have had jurisdiction of the appeal. The result is that he is seeking to come to this court in a case and in a manner not prescribed by law for appeals to the Court of Criminal Appeals. It will be conceded that this court would have jurisdiction if the contention is correct that the ordinance was void. If it is not void and has only been misapplied in appellant's case, it was then incumbent upon him to appeal his case to the County Court and this court would have jurisdiction on the further appeal only in the event the fine assessed would exceed $100.00. This question has recently been considered exhaustively by this court in the cases of Ex parte Tully B. Killam, No. 21,798, (Page 606 of this volume) and Ex parte Daisy Largent, No. 21,733, (Page 592 of this volume). The law is, at least, sufficiently discussed in these cases and are here referred to. See also Art. 53 C. C. P.

The State's motion is granted and the opinion heretofore entered reversing this cause is withdrawn and the judgment of the trial court is affirmed.